UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| THOMAS OLIVER,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>FIDELITY MANAGEMENT & RESEARCH<br>COMPANY LLC, et al.<br>　　　　　Defendants. | No. 1:22-CV-00421-MSM-PAS |

ORDER

Mary S. McElroy, United States District Judge.

Mr. Oliver has filed a *pro se* complaint reciting several causes of action against two individuals, a private financial company (Fidelity Management & Research Co., LLC) ("Fidelity"), and both the Massachusetts Department of Revenue ("DOR") and "Probate and Family Court." His complaint stems from the alleged release by Fidelity of $155,230.15 held in a retirement account to, it appears, the DOR.

The case is now before the Court on two motions filed by Mr. Oliver: a Motion to Proceed *In Forma Pauperis*, (ECF No. 2) and a Motion to Proceed as an Electronic Filer (ECF No. 4). The Court has conducted its mandatory review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without which it cannot grant *in forma pauperis* status. Pursuant to that review, the Court has determined that it lacks jurisdiction over the Complaint and therefore must dismiss the case. Dismissal of the Complaint renders electronic filing status moot.

1

There are two possible bases for this Court's jurisdiction, and both fail. First, Mr. Oliver cannot demonstrate diversity jurisdiction pursuant to 28 U.S.C. § 1332 because he has not alleged that he is a citizen of any state. He alleges he is "a U.S. citizen residing and domiciled in the United States of America." (ECF No. 1, at 1.) That is not sufficient. Were the plaintiff domiciled abroad and a citizen of no state, there would not be diversity jurisdiction. *Dadzie on Behalf of Intern. Kal-Sahara Corp. v. Leslie*, 550 F. Supp. 77, 79 (E.D. Pa. 1982); *accord, Rivero-Parra v. Lindsay Corp.*, 397 F. Supp. 3d 206, 206-07 (D.P.R. 2019) ("[p]laintiff must demonstrate that he is a citizen of one of the fifty states or of Puerto Rico, the District of Columbia, or another territory."); *cf., Cormier v. Securitas Sec. Services, USA, Inc.*, 578 F. Supp. 3d 264, 266 (D.N.H. 2022) (statement in Complaint alleging diversity jurisdiction that plaintiffs were not residents of New Hampshire where defendants resided was not sufficient because a plaintiff must plead jurisdiction affirmatively).[1]

Second, federal question jurisdiction pursuant to 28 U.S.C. § 1331 fails because, although Mr. Oliver alleges a violation of constitutional rights in Count 3, his claim relies on an entitlement to a prior hearing before Fidelity released his funds to a third party. Fidelity is a private company and there is no federal due process right to a prior hearing. *Logiodice v. Trustees of Maine Cent. Inst.*, 296 F.3d 22, 30-31 (1st Cir. 2018) (private school not a state actor subject to due process clause).

---

[1] The Court has twice mailed material to Mr. Oliver at the address he used in the Complaint, and both have been returned as undeliverable. (ECF No. 5 and 6.)

2

The Motion seeking *In Forma Pauper* status (ECF No. 2) is DENIED, the Motion seeking Electronic Filer status (ECF No. 4) is DENIED as moot, and the Complaint (ECF No. 1) is DISMISSED.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge


Date:  February 7, 2023